UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy, # 323551, | ) C/A No. 8:13-2387-JFA-JDA |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) of |
| | ) Magistrate Judge |
| The South Carolina District Courts, *For Recusal/bias,* | ) |
| *For Bivens Action/Prejudices*, | ) |
| | ) |
| Defendant. | ) |

_____

## BACKGROUND OF THE CASE

Plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections, where Plaintiff is serving a twenty-five-year sentence for a conviction for voluntary manslaughter entered in the Court of General Sessions for Lancaster County in 2007. In the above-captioned case, Plaintiff has brought suit against the United States District Court for the District of South Carolina for alleged bias and conflict of interest with his to his cases filed in this Court, particularly with respect to his prior habeas corpus action. In his prayer for relief, Plaintiff seeks money damages, an injunction, and prospective relief.

Plaintiff has attached various documents to the Complaint. The first of those attachments is a memorandum of law, wherein Plaintiff complains about prison conditions, this Court's failure to appoint him counsel [Doc. 1-1 at 1], and an alleged conspiracy between Chief Justice Jean Toal and a South Carolina Circuit Judge [*Id.* at 2]. Plaintiff's affidavit concerns access to the courts [Doc. 1-7]. Also included as attachments are copies

of state court documents [Doc. 1-3]; a newspaper article concerning backlogs in the State of South Carolina's unified judicial system [*Id.* at 4]; and a supplemental memorandum, wherein Plaintiff contends that the Court of General Sessions for Lancaster County did not have jurisdiction to accept his guilty plea to voluntary manslaughter [Doc. 1-9].

## DISCUSSION

### Standard of Review for Pro Se Complaints

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's

allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983 or *Bivens* Doctrine**

Title 42 U.S.C. § 1983 provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

**United States District Court Immune from Suit**

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Moreover, a *Bivens* action may not be brought against the United States and other federal governmental agencies or entities. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). The United States District Court for the District of South Carolina is a governmental entity established pursuant to 28 U.S.C. § 121. Plaintiff's claims under *Bivens* against the United States District Court for the District of South Carolina fail because the United States District Court for the District of South Carolina is a federal governmental entity.

**Prior Cases not a basis for recusal**

It is well-settled that the judicial notice of a prior civil or criminal case is not a basis for recusal. *Bolin v. Story*, 225 F.3d 1234, 1238–39 (11th Cir. 2000) (knowledge from prior judicial proceeding not basis for recusal), which is cited in *Rochester v. South Carolina*, Civil Action No. 2:07-2342-HMH-RSC, 2007 WL 2156617, at *6 (D.S.C. July 25, 2007) ("The pleading suggests that the petitioner is seeking an order assigning the petitioner's cases to a different United States Magistrate Judge and a different United States District Judge. Hence, the petitioner appears to be making a motion to recuse. It is well-settled that the judicial notice of a prior civil or criminal case is not a basis for recusal."), *adopted by* 2007 WL 2302498 (D.S.C. Aug. 8, 2007).

Plaintiff has not satisfied the standard for recusal established by the United States Court of Appeals for the Fourth Circuit in cases such as *United States v. Cherry*, 330 F.3d

658, 665 (4th Cir. 2003) ("A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality."). A federal judge is not, however, required to recuse himself or herself simply because of "unsupported, irrational or highly tenuous speculation." *Id.* Finally, a judge is also bound to hear cases when there is no reasonable factual basis for recusal. *Assa'ad-Faltas v. South Carolina*, Civil Action No. 1:12-2294-TLW-SVH, 2012 WL 3467298, at *1 (D.S.C. Aug. 15, 2012) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *cf. United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (recusal because of unsupported, irrational, or highly tenuous speculation would "allow litigants 'to exercise a negative veto over the assignment of judges.' . . . Congress never intended the disqualification statute to yield this result.").

The District Judges and Magistrate Judges of this Court assigned to Plaintiff's pending and prior cases are immune in a suit for damages as well as injunctive relief. *Bolin v. Story*, 225 F.3d at 1239–42 (federal judges have absolute immunity from a *Bivens* action where a plaintiff seeks injunctive relief), which is cited in *Weber v. G. Ross Anderson, Jr.*, Civil Action No. 8:12-1231-TMC-JDA, 2012 WL 2675368, at *4 (D.S.C. May 23, 2012), *adopted by* 2012 WL 2675449 (D.S.C. July 6, 2012), *appeal dismissed*, No. 12-7282, 482 Fed.Appx. 859, 2012 WL 4881604 (4th Cir. Oct. 16, 2012). Moreover, any attempt by Plaintiff to include District Judges and Magistrate Judges of this Court as defendants [Doc. 1-8 at 1] for purposes of forcing a reassignment is a nullity. *Rochester v. M. V. Laubshire, et al.*, Civil Action No. 6:12-0236-RBH, 2012 WL 2805717, at *2 (D.S.C.

July 10, 2012) ("A judge may exercise discretion and refuse to recuse himself in proceedings where a litigant is abusing the judicial system.").

**Plaintiff's Complaint barred by *Heck v. Humphrey***

Plaintiff's Complaint, in part, concerns matters pertaining to his conviction and sentence for voluntary manslaughter. Plaintiff's prior habeas corpus action, *Gaddy v. McCall*, Civil Action No. 8:10-1743-JFA-JDA, 2011 WL 4482592 (D.S.C. Sept. 27, 2011) (granting summary judgment for respondent), *appeal dismissed*, No. 11-7424, 464 Fed.Appx. 140, 2012 WL 340282 (4th Cir. Feb. 3, 2012), reveals that Plaintiff, who was originally charged with murder, pled guilty to voluntary manslaughter as part of a plea bargain. Until Plaintiff's conviction for voluntary manslaughter is set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*). Plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence for voluntary manslaughter has been invalidated; thus, this action is, in part, barred by *Heck*. *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

October 2, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).