IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin Lyndale Gaddy, | ) | C/A No.: 8:13-2387-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| The South Carolina District Court, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Calvin Lyndale Gaddy, is an inmate currently housed at the Lieber Correctional Institution. He brings this action against the United States District Court for the District of South Carolina alleging bias and conflict of interest. Plaintiff appears to seek recusal of this court and the United States Magistrate Judge assigned to hear his case.

The Magistrate Judge has considered the present action as one against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1]  The Magistrate Judge[2] has prepared a thorough

---

[1] In *Bivens*, the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. A *Bivens* claim is analogous to a claim under § 1983. *Harlow v. Fitzgerald*, 457 U.S. 812–20 (1982).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Report and Recommendation and opines that the court should summarily dismiss this action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so. The court has conducted a *de novo* review of the objections and finds them to be wholly without merit. As such, they are overruled.

The Magistrate Judge first notes that the United States District Court is a federal governmental entity and it is not subject to a *Bivens* suit. The plaintiff cannot seek recusal of this court or other assigned judges where there has been no reasonable, factual basis for recusal. Moreover, the judges of this court assigned to plaintiff's pending and prior cases are immune in a suit for damages or injunctive relief.

Finally, the Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages relating to his conviction for voluntary manslaughter in state court is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued. Thus, the action must be dismissed.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

March 18, 2014　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge